UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL NUÑEZ,<br><br>             Movant,<br><br>   vs.<br><br>WARDEN K. BENNETT,<br><br>             Respondent. | 4:21-CV-04174-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* habeas petition of Michael Nuñez, a person incarcerated at the Yankton Federal Prison Camp in Yankton, South Dakota. See Docket No. 1. Mr. Nuñez seeks habeas relief, arguing that respondent is wrongfully denying him early release for having completed the Bureau of Prison's ("BOP") Residential Drug Abuse Program "("RDAP"). Id. Now pending is a motion to dismiss Mr. Nuñez's habeas petition pursuant to 28 U.S.C. § 2241 without holding an evidentiary hearing. See Docket No. 10. Mr. Nuñez opposes the motion. See Docket No. 13. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Nuñez is currently serving a 120-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine.

Docket No. 1 at p. 1; Docket No. 12 at p. 1, ¶ 2. At his sentencing hearing on September 1, 2016, the district court imposed a two-level increase in Mr. Nuñez's United States Sentencing Guidelines ("USSG") calculation because Mr. Nuñez possessed a firearm in relation to the offense of conviction. See Docket No. 12 at p. 5-6, ¶ 17.

Mr. Nuñez alleges respondent is denying him the one year early release available under RDAP for successful completion of the program. Docket No. 1 at p. 2. He alleges respondent is basing its decision to deny him that early release upon language which the Supreme Court has declared to be unconstitutionally vague. Id. Specifically, he alleges the language used in 28 C.F.R. § 550.55 has been found to be unconstitutionally vague by the Court in several statutes and that the BOP is abusing their discretion to use that same language to deny him early release under RDAP. Docket No. 1 at pp. 6-7.

Respondent has moved for dismissal of Mr. Nuñez's claim on the grounds that this court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that Mr. Nuñez has failed to state a claim upon which relief can be granted under Rule 12(b)(6). See Docket No. 10. Mr. Nuñez resists the motion. See Docket No. 13.

## DISCUSSION

### A.     Rule 12(b)(6) Standard

One of the grounds for respondent's motion to dismiss is FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) allows dismissal of a habeas petition if the petitioner has failed to state a claim upon which relief can be granted. See FED. R. CIV. P.

12(b)(6). Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a [petition] with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 663, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a petition. Id. at 678 (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a [petitioner] armed with nothing more than conclusions." Id. at 678-79.

3

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the petitioner has *alleged*—but has not "show[n]"—that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the petition that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief. Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. These are the principles guiding the court's evaluation of respondents' motion.

Rule 12(b)(6) requires the court to evaluate the sufficiency of a petitioner's pleading of a claim by examining his or her petition. See FED. R. CIV. P. 12(b)(6); Iqbal, 556 U.S. at 679. Rule 56, the rule for summary judgment, allows the court to consider affidavits, documents, deposition transcripts and other items extraneous to the petition in determining whether to grant the motion. See FED. R. CIV. P. 56.

Courts evaluating a Rule 12(b)(6) motion are not strictly limited to evaluating the petition alone, however. Dittmer Props., L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013). They may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Id. (citing Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (3d ed. 2004))).

**B.     Analysis of Mr. Nuñez's Petition for Habeas Relief**

Some bedrock principles require stating before analyzing Mr. Nuñez's argument. A petition seeking habeas relief under 28 U.S.C. § 2241 is appropriate if the petitioner is challenging the fact or duration of his confinement. Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). The writ may issue if the defendant demonstrates he is in custody in violation of the federal Constitution, laws, or treaties. See 28 U.S.C. § 2241(c)(3). Here, the subject matter of Mr. Nuñez's request for habeas relief falls squarely within the ambit of § 2241 because he is not attacking his underlying conviction, but only the length of his sentence as calculated by the BOP—i.e. the fact that the BOP will not consider granting him early release.

Next, even if Mr. Nuñez demonstrates he is eligible for consideration of early release by virtue of successfully completing RDAP[1], the BOP would have the discretion to grant him early release, but would not be *required* to grant such release.  18 U.S.C. § 3621(e)(2)(B)[2]; Lopez v. Davis, 531 U.S. 230, 241 (2001) (stating "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] . . . has authority, but not the duty, . . . to reduce his term of imprisonment.").  No prisoner has any constitutional or statutory right to early release.  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979).

Finally, administrative decisions by the BOP in interpreting the grant of authority to it by Congress under 18 U.S.C. §§ 3621-3625 are not subject to judicial review under the Administrative Procedure Act ("APA").  See 18 U.S.C. § 3625 (stating that the provisions of the APA (sections 554, 555 and 701-706) "do not apply" to any determination, decision, or order under 18 U.S.C. §§ 3621-3625).  The BOP has authority to manage inmate drug treatment programs such as RDAP by virtue of 18 U.S.C. § 3621.  Allowing prisoners to bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's

---

[1] Neither Mr. Nuñez nor respondent specifically clarify whether Mr. Nuñez *did* successfully complete RDAP, or whether he was dissuaded from pursuing participation in the program by reason of respondent's decision that he would not be given early release if he did successfully complete the program.

[2] Section 3621(2)(B) states "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program ***may*** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis supplied).

6

discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.  Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011).

Only if the BOP acts contrary to established federal law, violates the Constitution, or exceeds its statutory authority do courts have jurisdiction to review BOP action under the specified statutes.  Id.; Accord, Gatewood v. T.C. Outlaw, 560 F.3d 843, 846-47, n. 2 (8th Cir. 2009) ("§ 3625 may well preclude judicial review of BOP decisions applying the final rule and program statement to particular inmates."); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) ("Accordingly it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions.").  Mr. Nuñez alleges the BOP violated the constitution in promulgating its regulation pertaining to RDAP, 28 C.F.R. § 550.55.  See Docket No. 1 at pp. 6-7.

> **1. The BOP Did Not Act Contrary to Established Federal Law, in Violation of the Constitution, or in Excess of its Statutory Authority**

An analysis of the applicable statutes, regulations, and program statements demonstrates that the BOP did not act unlawfully.  The RDAP statute, 18 U.S.C. § 3621(e)(2)(B), states "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  As noted above, this provision does not require the BOP to grant a prisoner early release even if he is eligible—instead, using the word

7

"may," it gives the BOP discretion to grant such early release.  Lopez, 531 U.S. at 241.

The Lopez decision was an appeal from the District of South Dakota involving facts very similar to Mr. Nuñez's.  The petitioner, Lopez, was a federal inmate who filed a § 2241 habeas petition, asserting he should be given consideration under RDAP for early release.  Id. at 232-34.  Lopez had been convicted of a federal drug crime and, at sentencing, the district court imposed a two-level enhancement under the USSG for possessing a firearm in connection with his drug crime.  Id. at 236.

The BOP categorically denied Lopez consideration for early release under RDAP by virtue of a regulation it had promulgated prohibiting all prisoners from consideration for early release if their current offense was a felony attended by the carrying, possession, or use of a firearm.  Id. at 232-34.  The BOP regulation was not an attempt to define "nonviolent offense" as used in § 3621(e)(2)(B), nor was it an attempt to define "crime of violence."  Id. at 235.  Instead, the BOP recognized Congress gave it discretion to decide which nonviolent offenders it would consider for early release and the BOP issued regulations declaring which categories of cases it would consider for release and which categories of cases it would not consider.  Id.  The Court pointed out that § 3621 did not mandate the result in Lopez's case.  Id. at 235-36.  Instead, the result was mandated by the BOP regulation.  Id.

Thus, the issue before the Court was "whether the BOP had discretion to delineate, as an additional category of ineligible inmates, those whose current

8

offense is a [nonviolent] offense involving a firearm." Id. at 238.  The Court concluded the BOP had acted lawfully in exercising its discretion by promulgating the regulation.  Id. at 244-45.  Although the BOP could have acted on a case-by-case basis, determining individually which inmates qualified for early release and which did not, the Court held the BOP acted permissibly by excluding certain inmates categorically from consideration, even though they may qualify as "nonviolent" offenders under the statute.  Id. at 240.  The BOP's determination that "inmates who possessed a firearm in connection with their current offense . . . displayed a readiness to endanger another's life" was entirely rational according to the Court, even if their offense was a nonviolent one.  Id.

The regulation at issue in Mr. Nuñez's case is the progeny of the one considered by the Lopez Court.  The applicable regulation provides in pertinent part:

> § 550.55 Eligibility for early release.
>
> (a)  Eligibility.  Inmates may be eligible for early release by a period not to exceed twelve months if they:
>
> > * * *
>
> > (2) Successfully complete a RDAP . . . during their current commitment.
>
> (b)  Inmates not eligible for early release.  As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> > * * *
>
> > (5) Inmates who have a current felony conviction for:

9

      \* \* \*

>   >   (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>   >
>   >   (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another;
>
>   (6)  Inmates who have been convicted of an attempt, conspiracy, or solicitation to commit an underlying offense listed in paragraph . . . (b)(5) of this section;

28 U.S.C. § 550.55(a)(2) & (b)(5)(ii) & (iii).

The BOP has further clarified that, for purposes of § 550.55(b)(5)(ii) above, an offense involves the carrying, possession, or use of a firearm if, at sentencing, the district court applied a two-point enhancement under the USSG for carrying, using, or possessing a firearm in connection with a federal drug offense under 21 U.S.C. §§ 841 & 846.  See Docket No. 11-3 at p. 10 (Program Statement 5162.05, ¶ 4.b).

The Lopez Court settled once and for all that sentencing factors—like the two-point USSG enhancement for possessing a firearm—can be the basis for denying RDAP eligibility as well as an element of the crime of conviction. Lopez, 531 U.S. at 239-41.  Although Lopez approved an earlier version of § 550.55, the Eighth Circuit has approved the version applicable to Mr. Nuñez applying the reasoning of Lopez.  See Giannini v. Fed. Bur. of Prisons, 405 Fed. Appx. 96, 97-98 (8th Cir. 2010).

Mr. Nuñez argues that because § 550.55(b)(5)(iii) uses language paralleling that used in the statute under scrutiny in Johnson v. United States,

10

576 U.S. 591 (2015), and found unconstitutionally vague in <u>Johnson</u>, that the language is unconstitutional in § 550.55(b)(5)(iii) also. Docket No. 13 at p. 3. The BOP specifies in its regulation that an inmate who has been convicted of "an offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" is not eligible for early release. 28 C.F.R. § 550.55(b)(5)(iii).

Mr. Nuñez is correct that the statute at issue in <u>Johnson</u>, 18 U.S.C. § 924(c)(3)(B), contains very similar language[3] to that contained in § 550.55(b)(5)(iii) and that the Court found that language to be unconstitutionally vague. <u>Johnson</u>, 576 U.S. at 597. Where Mr. Nuñez's argument misses the mark is that ***respondent did not rely solely on subsection (b)(5)(iii) of § 550.55 in denying him early release eligibility***.

Instead, respondent founded its decision jointly on the fact that he possessed a firearm in connection with a drug trafficking crime, a provision of § 550.55 found in subdivision (b)(5)(ii), and that his current conviction was "an attempt, conspiracy, or other offense which involved an underlying offense" listed in subsection (b)(6) of § 550.55. <u>See</u> Docket No. 12-4 at p. 1 (relying also on § 550.55(b)(5)(ii) and (6) in denying Mr. Nuñez early release eligibility). Thus, respondent's decision is supportable on the basis of two other provisions

---

[3] Section 924(c)(3)(B) defines "crime of violence" to include a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

11

of § 550.55 which Mr. Nuñez does not attack and which are not similar to the language condemned in Johnson.

Because the decision of respondent can be justified by two separate provisions which do not implicate Johnson, § 550.55(b)(5)(ii) and (6), the court concludes the BOP did not violate the vagueness doctrine of the Due Process Clause in promulgating its regulations and implementing RDAP as that regulation was applied to Mr. Nuñez.  It follows that, because the provisions of § 550.55 which support respondent's decision (subsections (b)(5)(ii) and (6)), are not unconstitutionally vague, that respondent's decision to deny Mr. Nuñez early release under those provisions is not unconstitutional either.  Thus, under § 3625, this court does not have the power to judicially review the BOP's individualized decision as to Mr. Nuñez.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondent's motion to dismiss [Docket No. 10] be granted and that Mr. Nuñez' § 2241 petition [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require *de novo* review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 10, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

13